UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80969-CIV-ZLOCH

THOMAS FERRIS,

    Plaintiff,

vs.                              **FINAL ORDER OF REMAND**

OWENS & MINOR DISTRIBUTION, INC.,

    Defendant.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

    Plaintiff Thomas Ferris, L.L.C. initiated the instant action in the Fifteenth Judicial Circuit, Palm Beach County, Florida. Defendant Owens & Minor Distributing, Inc. timely filed a Notice Of Removal (DE 1) to this Court wherein it alleged that this action would otherwise properly be brought in federal court. Specifically, the Notice alleges that the above-styled cause could be brought before this Court pursuant to its diversity jurisdiction. 28 U.S.C. § 1332 (2006).

    Pursuant to 28 U.S.C. § 1447(c) (2006), this Court may, sua sponte, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. Whether an action filed in state court may properly be removed to federal court is to be determined from the record at the time the notice of removal is

filed. See Pullman Co. v. Jenkins, 305 U.S. 534 (1939).

The party asserting diversity jurisdiction bears the burden of proof. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001). In a notice of removal, a defendant's failure to allege complete diversity of citizenship is fatal to the Court's exercise of jurisdiction, and the Court is left with no recourse other than to remand the action to state court. Id.

The requisite diversity of citizenship as to Plaintiff and Defendant is not apparent on the face of the Notice Of Removal (DE 1). The Notice alleges only that:

> This is an action for alleged employment discrimination and retaliation under Chapters 760 ("FCRA") and 448, Florida Statutes, over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Specifically, this action is removable pursuant to 28 U.S.C. §§ 1441 and 1332(a) because there is absolute diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest costs and attorney's fees. There is complete diversity of citizenship because it is undisputed that Ferris is a Florida resident and Defendant is a foreign corporation.

DE 1.

The Notice lacks an allegation concerning Plaintiff Thomas Ferris's citizenship. The only allegation made regarding Plaintiff Thomas Ferris is that he is a Florida resident. Residency is not the equivalent of citizenship for diversity purposes. See 13 Wright, Miller & Cooper, Federal Practice and Procedure, § 3611 (2d ed. 1984 & Supp. 2007).

Additionally, the Notice fails to plead the citizenship of Defendant Owens & Minor Distribution, Inc. Although Defendant

alleges it is a "foreign corporation," it has failed to plead the state(s) of its incorporation and principal place of business. Section 1332(c) specifically prescribes the allegations sufficient to establish a corporate party's citizenship, it states: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Id. Therefore, because Defendant failed to state its place of incorporation and principal place of business, it has failed to allege diversity of citizenship and has not met the initial burden of establishing this Court's jurisdiction over the above-styled cause.

The Court notes that the federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005) (citing Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799)). Therefore, the basis for asserting a federal court's removal jurisdiction must be affirmatively alleged in the notice of removal. 14C Wright, Miller & Cooper, Federal Practice and Procedure, § 3733 (3d ed. 1998 & Supp. 2007).

It is well settled that the removal statute is to be strictly construed against removal and in favor of remand because a defendant's right to remove and plaintiff's right to choose his forum are not on equal footing. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (where plaintiff and defendant clash

about jurisdiction, uncertainties are resolved in favor of remand); see also <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062 (9th Cir. 1979).

In remanding the above-styled cause due to the Parties' failure to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction? Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide? The sky will not fall if federal courts occasionally stray outside the proper bounds. But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk. And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds. Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

<u>Smoot v. Mazda Motors of Am., Inc.</u>, 469 F.3d 675, 678 (7th Cir. 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED** to state court;

2. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward

a certified copy of this Order to the Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Case No. 50 2006 CA 008853 XXXX MB; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _19th_ day of November, 2007.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court (Certified Copy)
Palm Beach County, Florida
Case No. 50 2006 CA 008853 XXXX MB